1  THOMAS SIMS (SBN 264174)
   *tsims@baronbudd.com*
2  **BARON & BUDD, P.C.**
   3102 Oak Lawn Ave., Suite 1100
3  Dallas, Texas 75219
   Telephone:    (214) 521-3605
4  Facsimile:    (214) 520-1181

5  Attorneys for Plaintiff
   KARYN JOY GROSSMAN
6
   ALEXANDER G. CALFO (SBN 152891)
7  *alexander.calfo@btlaw.com*
   SARAH E. JOHNSTON (SBN 259504)
8  *sarah.johnston@btlaw.com*
   **BARNES & THORNBURG LLP**
9  2029 Century Park East, Suite 300
   Los Angeles, California 90067
10 Telephone:    (310) 284-3880
   Facsimile:    (310) 284-3894
11
   MICHELLE A. CHILDERS (SBN 197064)
12 *michelle.childers@dbr.com*
   **DRINKER BIDDLE & REATH LLP**
13 50 Fremont Street, 20th Floor
   San Francisco, California 94105-2235
14 Telephone:    (415) 591-7500
   Facsimile:    (415) 591-7510
15
   Attorneys for Defendants
16 JOHNSON & JOHNSON; JANSSEN RESEARCH &
   DEVELOPMENT, LLC (sued herein as Johnson & Johnson
17 Pharmaceutical Research & Development, L.L.C.);
   JANSSEN PHARMACEUTICALS, INC. (sued herein as
18 Ortho-McNeil-Janssen Pharmaceuticals, Inc.); and
   MCKESSON CORPORATION
19

20                    UNITED STATES DISTRICT COURT

21       NORTER DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| 22  KARYN JOY GROSSMAN, | Case No. 3:14-CV-03557-VC |
| 23              Plaintiff, | |
| | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |
| 24        v. | |
| 25  JOHNSON & JOHNSON; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH | Date:   November 18, 2014 |
| 26  & DEVELOPMENT, L.L.C.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; and | Time:   10:00 a.m. |
| 27  MCKESSON CORPORATION, | Ctrm:   4 |
| 28  | *[Assigned to Hon. Vince Chhabria]* |
| | Case No. 3:14—cv-03557-VC |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Defendants.

The parties to the above-entitled action jointly submit this Joint Case Management Statement and [Proposed] Case Management Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1367. There are no disputes as to personal jurisdiction, venue, or service.

**2. FACTS**

a. **Plaintiff's Statement:**

Levaquin is a broad-spectrum antibiotic that has been approved by the United States Food and Drug Administration ("FDA") to treat certain kinds of bacterial infection. It is a member of the fluoroquinolone class of antibiotics. Levaquin is manufactured by the Johnson & Johnson Defendants and McKesson is a principal distributor. Since the launch of Levaquin in 1997, Johnson & Johnson has aggressively marketed Levaquin to the medical community, and in so doing helped foster an environment where Levaquin is used far more widely than is medically justified. In recent years, multiple studies have cautioned that Levaquin and other fluoroquinolones should be used sparingly given the risk-benefit profile of these drugs.

Before Levaquin was even approved, there was evidence suggesting that fluoroquinolones may be associated with a serious form of nerve damage known as irreversible peripheral neuropathy. In 2001, this evidence was further buttressed by a peer-reviewed study authored by Dr. Jay Cohen. Dr. Cohen concluded that, based on multiple patient reports, there was a possible association between fluoroquinolone antibiotics and severe, long-term adverse effects involving the peripheral nervous system. Dr. Cohen recommended that further study of this association

should be conducted. A scientific review by the FDA of the adverse events in the FDA Adverse Event database in 2003 concerning Levaquin and other fluoroquinolones revealed numerous reports of long-term peripheral neuropathy.

Notably, the warning section in Johnson & Johnson's prescribing information for Levaquin did not make any mention of the risk of peripheral neuropathy until September 2004. At that time Johnson & Johnson added a short advisory regarding the risk of peripheral neuropathy, but there was no mention of the serious, disabling nature of this condition. The warning incorrectly advised patients and physicians that peripheral neuropathy associated with Levaquin was "rare" and in any case would be avoided by discontinuing the drug upon the onset of certain symptoms.

In August 2013, the FDA issued a safety advisory in which it announced that the existing warning for Levaquin and other fluoroquinolones was inadequate and that it must be updated to better describe the serious side effect of peripheral neuropathy. In particular, the FDA advised that the serious nerve damage that can potentially be caused by fluoroquinolones may occur soon after the drugs are taken and may be permanent.

Ms. Grossman was prescribed Levaquin in August of 2010. As a result of her ingestion of Levaquin, Ms. Grossman developed irreversible peripheral neuropathy. Ms. Grossman has therefore brought suit against Defendants for her injuries, and asserts causes of action in strict products liability, failure to warn, negligence, breach of express warranty, breach of implied warranty, fraud, negligent misrepresentation, and fraudulent concealment.

**b. Defendants' Statement:**

The principal factual issues in dispute include, among other things, adequacy of the prescription pharmaceutical warnings, the prescribing physician's awareness of potential risks of the prescription pharmaceuticals, and general and specific medical causation.

**3. LEGAL ISSUES**

The disputed points of law include, among other things, the timeliness of Plaintiff's Complaint with respect to the applicable statute of limitations, proximate cause of Plaintiff's alleged injuries, the learned intermediary doctrine, duty to warn, the adequacy of the prescription

pharmaceutical warnings, negligence, strict liability, and general and specific medical causation.

## 4. MOTIONS

No motions are currently pending. Defendants anticipate filing a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), *Daubert*, and summary judgment motions on or before the dispositive motions deadline set by the Court.

## 5. AMENDMENT OF PLEADINGS

Unless ordered by the Court, the parties do not anticipate amending the pleadings to add or dismiss parties, claims, or defenses.

## 6. EVIDENCE PRESERVATION

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information. Counsel for all parties held Rule 26(f) conferences on October 28, 2014 and October 31, 2014, and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are not aware of any evidence preservation issues at this time. On October 28, 2014, Plaintiff submitted a proposed Preservation Order to Defendants.

## 7. DISCLOSURES

The parties will make initial disclosures on November 11, 2014, as required by Fed. R. Civ. P. 26(a).

## 8. DISCOVERY

No discovery has taken place other than the parties' forthcoming exchange of initial disclosures. The parties agreed that once a Protective Order is agreed upon, they will begin exchanging discovery. The parties have exchanged proposed Protective Orders and also initiated discussions regarding a protocol for discovery of electronically stored information ("ESI"). The parties are also discussing ways to expedite the discovery process by utilizing discovery that was previously produced in multidistrict litigation involving Levaquin and allegations of personal injuries involving tendon damage.

   a. **Plaintiff's Statement:**

Plaintiff anticipates serving written discovery and collecting custodial and other records

that relate to Levaquin, including records regarding the design, manufacturing, safety, approval, labeling, promotion and sale of the drug. Plaintiff additionally anticipates deposing Defendants' employees, directors and officers, and other witnesses as identified in discovery.

### b. Defendants' Statement

Defendants anticipate, at a minimum, serving written discovery (requests for production of documents, interrogatories, and/or requests for admission), collecting Plaintiff's medical records, and taking depositions of Plaintiff, her prescribing physician, and her treating physicians. Defendants will also conduct expert discovery.

Defendants will also seek a stipulated confidentiality order with respect to the disclosure of confidential information and documents. The parties are currently conferring regarding the language of a proposed protective order, which will thereafter be submitted to the court for consideration and entry.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

To the parties' knowledge, there are no related cases or proceedings pending before another judge of this Court. There is one multi-plaintiff complaint pending in California state court against Defendants that involves the alleged risk of irreversible peripheral neuropathy associated with Levaquin and the adequacy of the product warnings.

## 11. RELIEF

### a. Plaintiff's Statement:

Plaintiff requests compensatory, statutory and punitive damages, together with interest, cost of suit, attorney's fees and all other such relief as the Court deems appropriate pursuant to common law and statutory law. Plaintiff is collecting documents in order to calculate the amount of economic damages sought (including medical expenses and lost wages), and anticipates producing these documents during the course of discovery. In addition to economic damages, Plaintiff requests noneconomic damages for pain and suffering in an amount to be determined by the jury.

b. **Defendants' Statement:**

Defendants dispute any entitlement to relief.

## 12. SETTLEMENT AND ADR

The parties have conferred with respect to ADR options pursuant to ADR L.R. 3-5. The parties believe that ADR would be premature at this time, but agree to meet and confer regarding the utility of ADR procedures after completion of discovery regarding Plaintiff's medical condition and the deposition of Plaintiff's prescribing physician.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to the appointment of a Magistrate Judge to conduct all further proceedings including trial and entry of judgment.

## 14. OTHER REFERENCES

At this time, the parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

At this time, the parties have not identified any issues that can be narrowed by agreement or by motion.

## 16. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17. SCHEDULING

The parties' scheduling proposal is as follows:

| Close of Fact Discovery | January 15, 2016 |
| --- | --- |

| | |
|---|---|
| Plaintiff's expert designations and reports due under Fed. R. Civ. P. 26(a)(2) | February 12, 2016 |
| Last day for Plaintiff's experts to be deposed | March 18, 2016 |
| Defendants' expert designations and reports due under Fed. R. Civ. P. 26(a)(2) | March 25, 2016 |
| Last day for Defendants' experts to be deposed | May 2, 2016 |
| Plaintiff's rebuttal expert designations and reports due under Fed. R. Civ. P. 26(a)(2)[1] | May 6, 2016 |
| Last day for Plaintiff's rebuttal experts to be deposed | May 20, 2016 |

---

[1] Defendants contend that any "rebuttal" experts offered by Plaintiff cannot satisfy the standard of Fed. R. Civ. P. 26(a)(2)(D)(ii), as the subject matter of expert testimony in pharmaceutical product liability litigation is well-known and foreseeable, thus eliminating the need for rebuttal testimony as contemplated by Rule 26. Defendants therefore reserve all objections regarding the propriety of Plaintiff's designation of rebuttal experts.

| | |
|---|---|
| Close of Expert Discovery | May 20, 2016 |
| Objections under Fed. R. Evid. 702 and *Daubert* | June 9, 2016 |
| Hearing of Dispositive Motions | July 19, 2016 |
| Pretrial Conference | August 30, 2016 |
| Trial | September 26, 2016 |

## 18. TRIAL

All parties request a jury trial. The parties estimate that the trial will be approximately 10-15 Court days, but will have a better estimate at a later date.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed her Certification of Interested Entities or Persons on October 28, 2014 and certified that, other than the named parties, there are no other entities or persons to report.

Defendants each filed Certifications of Interested Entities or Persons, as required by Civil Local Rule 3-15, on September 9, 2014 (D.E. 10, 11). Specifically, Defendant McKesson certifies that, as of this date, other than the named parties, there are no other entities or persons to report. Defendants Johnson & Johnson, Janssen Research & Development, LLC, and Janssen Pharmaceuticals, Inc. identified Centocor Research & Development, Inc. and Janssen Biotech, Inc., in addition to the named parties.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

///

///

## 21. OTHER ISSUES

None at this time.

Dated: November 10, 2014          **BARON & BUDD, P.C.**


By: /s/ Thomas Sims
    Thomas Sims
    Attorneys for Plaintiff KARYN JOY
    GROSSMAN


Dated: November 10, 2014          **BARNES & THORNBURG LLP**


By: /s/ Sarah E. Johnston
    Alexander G. Calfo
    Sarah E. Johnston
    Attorneys for Defendants
    JOHNSON & JOHNSON; JANSSEN
    RESEARCH & DEVELOPMENT, LLC
    JANSSEN PHARMACEUTICALS, INC.;
    and MCKESSON CORPORATION


### Attestation Pursuant to Civil Local Rule 5-1(i)

Pursuant to Civil Local Rule 5-1(i), I, Sarah E. Johnston, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on November 10, 2014 at Los Angeles, California.


/s/ Sarah E. Johnston
Sarah E. Johnston

///

///

///

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] CASE MANAGEMENT ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE